UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| In re: ) | Chapter 7 |
| ) |  |
| LIZZETTE RODRIGUEZ, ) | Case No. 08-42965-JBR |
| ) |  |
| DEBTOR ) |  |

**RESPONSE BY COMMISSIONER OF MASSACHUSETTS DEPARTMENT OF REVENUE TO CHAPTER 7 TRUSTEE'S OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE JOEL B. ROSENTHAL, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Navjeet K. Bal, as she is Commissioner of Revenue for the Commonwealth of Massachusetts (hereinafter, "MDOR"), and responds in opposition to the *Trustee's Omnibus Objection to Claims* (hereinafter, the "Objection"). At issue for MDOR is the proof of claim that it filed on August 14, 2009 and which is listed in the claims register as claim no. 4. In support hereof, MDOR states as follows:

1. On September 16, 2008 (the "Petition Date"), the debtor, Lizzette Rodriguez (hereinafter, the "Debtor"), filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On December 3, 2008, the Debtor moved to convert her case to one under Chapter 7 of the Bankruptcy Code. Shortly thereafter, David M. Nickless was appointed as trustee of the Debtor's chapter 7 estate (hereinafter, the "Trustee"), and he has continued to serve in that capacity.

2. On August 14, 2009, MDOR filed a pre-petition proof of claim in the priority unsecured amount of $1,028.08 and in the general unsecured amount of $90.00 (hereinafter, the "MDOR Claim"). The claim is based upon an estimate (due to the fact that the Debtor has failed

to file a return as required under Massachusetts law) for the Debtor's 2007 Massachusetts personal income taxes. The priority portion of the claim consists of the estimated tax and statutory interest up to the Petition Date, and the general unsecured portion of the claim consists of pre-petition statutory penalties for this period liability.

3. On December 11, 2009, the Trustee filed the Objection. As it concerns the MDOR Claim, the Trustee alleged that: "Claim is an estimate. Debtor filed 2008 state return and is believed to have filed 2007 return with no tax due."

4. MDOR admits that the claim is an estimate and that the Debtor has filed a Massachusetts personal income tax return for the year 2008. However, MDOR has no records at this time that reflect that the Debtor has filed a Massachusetts personal income tax return for the 2007, and consequently, denies that portion of the Trustee's statement made on the basis of his belief.

5. Under Massachusetts law, if a taxpayer has failed to file a required tax return, "the commissioner [MDOR] may determine the tax due, according to his best information and belief." Mass.Gen.Laws chapter 62C, § 28. The bankruptcy courts have long recognized the right and even the necessity of a taxing authority to file a claim based upon an estimate of liability. *See*, e.g., *In re Callery*, 274 B.R. 51, 57 (Bankr. D. Mass. 2002) and *In re White*, 168 B.R. 825, 829 (Bankr. D. Conn. 1994).

6. When the substantive law that creates a tax obligation places the burden of proof on a taxpayer, the burden of proof on the tax claim remains the same in the context of a bankruptcy proceeding. *Raleigh v. Illinois Department of Revenue*, 530 U.S. 15 (2000). The MDOR Claim arises under the tax laws of Massachusetts and under those laws the burden is upon the taxpayer (and in this instance, the Trustee, who "stands in the shoes" of the Debtor) to

establish that the claim should not be allowed against the estate. *M & T Charters, Inc. v. Commissioner of Revenue*, 404 Mass. 137, 140 (1988), and *Towle v. Commissioner of Revenue*, 397 Mass. 599, 603 (1986).

7.   A proof of claim filed in accordance with the Bankruptcy Rules is prima facie evidence of the validity and the amount of the claim. Fed. R. Bank. P. Rule 3001(f); *In re Hemingway Transport, Inc.*, 993 F.2d 915, 925 (1st Cir. 1993), *cert denied*, 506 U.S. 891 (1993); *United States v. Braunstein*, 209 B.R. 152, 155, 157 (Bankr. D. Mass. 1997). To rebut the presumption that attaches to a proof of claim, the objecting party must come forward with "substantial evidence" in support of his asserted grounds. *Hemingway Transport*, 993 F.2d at 925. The mere filing of an objection to a proof of claim with nothing more is in itself "insufficient to overcome the rebuttable presumption." *In re White*, 168 B.R. at 828. In this instance, the asserted basis for the objection to the MDOR Claim – a belief that a return was filed – is not supported by the evidence and available records, and so accordingly, the objection must fail.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE,** Navjeet K. Bal, as she is Commissioner of Revenue for the Commonwealth of Massachusetts, respectfully requests that this Honorable Court deny the *Trustee's Omnibus Objection to Claims*, as it concerns the Massachusetts Department of Revenue.

                                        **Respectfully submitted,**

**Dated: December 30, 2009**              **NAVJEET K. BAL
COMMISSIONER
MASSACHUSETTS DEPARTMENT OF REVENUE**

**By his attorneys,**

**MARTHA COAKLEY
ATTORNEY GENERAL OF MASSACHUSETTS**

**Kevin W. Brown, General Counsel
Special Assistant Attorney General**

*// s // Stephen G. Murphy*
**Stephen G. Murphy (BBO # 542427)
Counsel to the Commissioner
Massachusetts Department of Revenue
Litigation Bureau
100 Cambridge Street, P. O. Box 9565
Boston, MA 02114
(617) 626-3305**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 7 |
| | ) | |
| **LIZZETTE RODRIGUEZ,** | ) | Case No. 08-42965-JBR |
| | ) | |
| **DEBTOR** | ) | |

**CERTIFICATE OF SERVICE**

I, Stephen G. Murphy, hereby certify that I have this day served a copy of the within RESPONSE BY COMMISSIONER OF MASSACHUSETTS DEPARTMENT OF REVENUE TO TRUSTEE'S OMNIBUS OBJECTION TO CLAIMS, electronically upon filing or by first class mail, postage prepaid, upon the parties or persons appearing on the accompanying SERVICE LIST as indicated..

*// s // Stephen G. Murphy*
Stephen G. Murphy, Esquire
Dated: December 30, 2009

## SERVICE LIST

**In re LIZZETTE RODRIGUEZ,**
**Chapter 7, Case No. 08-42965-JBR**

**Electronic List:**

- Richard C. Demerle    rd@masatlaw.com
- Richard King    USTPRegion01.WO.ECF@USDOJ.GOV
- Peter T. Kline    Pkline@Klinesanders.com
- David M. Nickless    dnickless.nandp@verizon.net, dnickless@ecf.epiqsystems.com
- Paul A. Petrillo    ppetrillo@dpfmlaw.com

**Manual List:**

Stephen J Wright
Ste 200 170 Lawrence St
Lawrence, MA 01840